IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WELLINGTON L. FARMER,**
      **Petitioner,**

**v.**                          **Case No.  5:08cv292/RS/MD**

**WALTER A. MCNEIL,**
      **Respondent.**
_____

## SECOND REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed a response (doc. 15) to which petitioner replied (doc. 20).  On December 30, 2009, the undersigned issued a Report and Recommendation (doc. 24) concluding that all of petitioner's grounds for relief were procedurally defaulted, with the exception of those raised in Ground 1(B)B, Ground 2 and Ground 3.  Prior to the District Judge ruling on the Report and Recommendation, the United States Court of Appeals for the Eleventh Circuit issued its opinion *Hitchcock v. Secretary Dep't of Corrections*, No. 07-15857, 2010 WL 28207 (11th Cir. Jan. 7, 2010) (unpublished decision), a case addressing a similar if not identical procedural default issue.  Accordingly, on January 12, 2010, the District Judge remanded the case to the undersigned for further consideration in light of *Hitchcock.*  The Report and Recommendation was vacated (doc. 27), and the parties provided supplemental briefing (docs. 28, 30).  After careful consideration, it is the opinion of the undersigned that this court's resolution of the procedural default issue should be guided by *Hitchcock*, and that respondent's procedural default defense should be rejected.

## BACKGROUND AND PROCEDURAL HISTORY

The petitioner, Wellington Farmer, was charged in the Circuit Court of Gulf County, Florida by Information with (1) aggravated battery on a law enforcement officer, (2) aggravated fleeing or attempting to elude a law enforcement officer, and (3) resisting a law enforcement officer with violence.[1] (Doc. 15, ex. A). After a jury trial, Mr. Farmer was adjudicated guilty as charged on all three counts, and sentenced as a prison releasee reoffender to thirty years imprisonment on the aggravated battery charge with lesser concurrent terms on the other two charges. A successful motion to correct illegal sentence modified the sentence by removing the prison releasee reoffender designation on one of the lesser offenses, a matter not relevant here. Mr. Farmer's direct appeal was unsuccessful. *Farmer v. State*, 903 So.2d 192 (Fla. 1st DCA 2005) (Table). Mr. Farmer then filed a *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. An evidentiary hearing was held on all claims. Mr. Farmer was represented at the hearing by appointed counsel, and testified, as did his trial counsel. The Rule 3.850 court denied relief in a written decision. (Doc, 15, ex. Q). Mr. Farmer's appeal of that order was unsuccessful. *Farmer v. State*, 983 So.2d 581 (Fla. 1st DCA 2008) (Table). Mr. Farmer also filed a petition for writ of habeas corpus in the appellate court alleging ineffective assistance of appellate counsel. The petition was summarily "denied on the merits." *Farmer v. State*, 958 So.2d 4252 (Fla. 1st DCA 2007) (Table) (copy at Doc. 15, ex. X). Mr. Farmer then filed the instant petition for federal habeas corpus (doc. 1), which respondent concedes is timely (doc. 15, p. 5).

## DISCUSSION

Mr. Farmer presents this court with three numbered grounds for relief with lettered points and subpoints. Although the numbering and lettering chosen by Mr. Farmer is somewhat confusing, the court will outline the claims as he has labeled

---

[1]Other counts were either dropped or dismissed.

them.  They are:

## Ground 1 - Ineffective Assistance of Trial Counsel.

    **(A)**    **Failure to investigate.**

        **A**    **Failure to investigate reliability of the confidential informant, Mr. Harrell.**

        **B**    **Failure to discover identity of the woman at Mr. Harrell's house.**

        **C**    **Failure to call Larry Jackson as a witness.**

    **(B)**    **Failure to move to dismiss the Information**

        **A**    **Failure to challenge the aggravated battery count for not containing the required allegation of intent.**

        **B**    **Failure to move to dismiss the aggravated fleeing or attempting to elude count.**

    **(C)**    **Failure to assure trial by a jury of defendant's peers by allowing the state to strike the only African Americans on the panel.**

    **(D)**    **Failure to strike an admittedly biased juror.**

    **(E)**    **Interference with Mr. Farmer's right to testify at trial.**

    **(F)**    **Failure to object to prosecutorial misconduct.**

    **(G)**    **Failure to move for judgment of acquittal.**

## Ground 2 - Ineffective Assistance of Appellate Counsel.

    **(A)**    **Failure to appeal fundamental error on jury instruction.**

    **(B)**    **Failure to appeal dismissal of African American jurors.**

## Ground 3 - Trial Court Error.

    **(A)**    **Failure to grant motion for judgment of acquittal where no proof that law enforcement officer was engaged in the execution of a**

**legal duty.**

**(B)**         **Failure to grant motion for judgment of acquittal on the fleeing or attempting to elude count.**

Respondent contends that all but one of the subparts of Ground 1 are procedurally defaulted, but concedes that the remaining claims (including Ground 1(B)B, Ground 2 and Ground 3) were properly exhausted in the state courts.

## Legal Standards Governing Exhaustion and Procedural Default

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

---

[2]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

     (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2557 and n. 1, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).

The Eleventh Circuit has established a three-part test to enable federal courts to determine when a state court's procedural ruling constitutes an independent and adequate state rule of decision:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. *See* [*Card v. Dugger*, 911 F.2d 1494, 1516 (11th Cir. 1990)]. Secondly, the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." *Id.* Finally, the state procedural rule must be adequate; *i.e.*, it must not be applied

in an arbitrary or unprecedented fashion. The state court's procedural
rule cannot be "manifestly unfair" in its treatment of the petitioner's
federal constitutional claim to be considered adequate for the purposes
of the procedural default doctrine. *Id.* at 1517.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). The adequacy of a state
procedural bar to the assertion of a federal question is itself a federal question. *Lee
v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L.Ed.2d 820 (2002).

To overcome a procedural default, the petitioner must show cause and
prejudice or a fundamental miscarriage of justice in order for the federal habeas
court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470.
"For cause to exist, an external impediment, whether it be governmental interference
or the reasonable unavailability of the factual basis for the claim, must have
prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497,
111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S.
478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). To satisfy the miscarriage of
justice exception, the petitioner must show that "a constitutional violation has
probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*,
513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite
probability, the petitioner must show that it is more likely than not that no
reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

a substantial claim that constitutional error has caused the conviction
of an innocent person is extremely rare. To be credible, such a claim
requires [a] petitioner to support his allegations of constitutional error
with new reliable evidence -- whether it be exculpatory scientific
evidence, trustworthy eyewitness accounts, or critical physical
evidence -- that was not presented at trial.

*Id.*

Application of Those Standards to This Case

The parties do not dispute that all of the claims raised in Ground 1 of Mr.
Farmer's federal habeas petition were presented in his Rule 3.850 motion for post-
conviction relief. Respondent contends, however, that after the Rule 3.850 court

denied relief, Mr. Farmer appealed only the denial of relief as to Ground 1(B)B, in which he claimed that counsel failed to move to dismiss the aggravated fleeing or attempting to elude count. By not addressing the remaining issues, Mr. Farmer waived or abandoned them, and they are now procedurally defaulted.[3]

Respondent's contention is factually correct. The appeal of the order denying Mr. Farmer's motion for post-conviction relief contained only one ground - that Mr. Farmer was denied effective assistance of counsel by counsel's failure to move to dismiss the information and object to the jury instruction on aggravated fleeing or attempting to elude. (Doc. 15, ex. T). The legal issue for consideration here is whether failure to appeal the denial of Mr. Farmer's other 3.850 claims rendered them procedurally defaulted.

Florida Rule of Appellate Procedure 9.141(b) provides that where a motion for post-conviction relief is denied after a hearing, a brief must be filed. Failure to include and sufficiently argue any issue on which appellate review is sought operates as an abandonment of that claim. *Carroll v. State*, 815 So.2d 601, 609 n. 7 (Fla. 2002) (holding that the appellant's failure to assert any definitive argument as to a particular issue renders the issue insufficiently presented for review); *Shere v. State*, 742 So.2d 215, 217 n. 6 (Fla. 1999) (same); *State v. Mitchell*, 719 So.2d 1245, 1247 (Fla. 1st DCA 1998) (holding that issues raised that contain no argument are deemed abandoned). The Eleventh Circuit, citing *Shere*, *supra*, has held that failure to argue an issue on appeal after a motion for post-conviction relief is denied after a hearing constitutes abandonment, even if the issue is raised and argued in a reply brief (which was not done here), and that such abandonment is a procedural default rendering the claim unexhausted and not reviewable in federal court. *Atwater v. Crosby*, 451 F.3d 799, 809-811 (11th Cir. 2006).

---

[3]Grounds 2 and 3, which were presented in Mr. Farmer's direct appeal and state habeas petition, and which respondent concedes were properly exhausted, are not included in this procedural default discussion.

Mr. Farmer disagrees that he abandoned or procedurally defaulted these claims. In his reply, he shows that he wanted to appeal all the issues raised in his Rule 3.850 motion, including those not presented in collateral counsel's initial brief, and that he repeatedly urged his appointed counsel to do so. (Doc. 20, exs. A-J). She refused, but on November 30, 2007, a few days after the State filed its response to the initial brief, collateral counsel filed a "Motion to Allow Appellant to Serve as Co-Counsel." (Doc. 20, ex. H). Collateral counsel informed the First DCA that Mr. Farmer was "requesting fervently to represent himself in an effort to amend undersigned counsel's initial brief with an additional issue." (*Id.*). Counsel stated her understanding that Mr. Farmer "d[id] not have the right to self-representation on appeal when a merit brief has been filed," citing *Robinson v. State*, 766 So.2d 471 (Fla. 4th DCA 2000), and argued that "the only option available is for Appellant to be appointed co-counsel and afforded the opportunity to file an amended brief." (*Id.*). The First DCA denied the motion on December 20, 2007, citing *Logan v. State*, 846 So.2d 472 (Fla. 2003) for the proposition that "generally, a criminal defendant has no right to partially represent himself and, at the same time, be partially represented by counsel." (Doc. 20, ex, I).

On May 2, 2008, the First DCA affirmed the denial of Mr. Farmer's Rule 3.850 motion. Nine days later, Mr. Farmer filed a motion styled "Motion for Discharge of Counsel and Motion to Allow Appellant to File a Pro Se Motion for Rehearing and Motion for Extension of Time to File Pro Se Motion for Rehearing." (*Id.*, ex. K). In support of his motion, Mr. Farmer asserted the following: that during the pendency of the appeal he expressed to counsel on numerous occasions his concern regarding her failure to raise all of the claims raised and ruled upon in the Rule 3.850 motion; that he explicitly advised counsel that he did not want any issues to appear abandoned or unexhausted for federal habeas purposes; that counsel failed to include those issues in her brief and refused Mr. Farmer's request that she withdraw; and that counsel misadvised him that his remedy was to file a state

habeas petition claiming ineffective assistance of collateral post-conviction counsel (which is not a valid basis for relief in state or federal court). Mr. Farmer asked the First DCA to discharge counsel and allow him to file a *pro se* motion for rehearing. (*Id.*). On June 2, 2008, the First DCA denied Mr. Farmer's motion without comment or citation to authority. (*Id.*, ex. L).

Similar circumstances arose in the *Hitchcock* case. There, Mr. Hitchcock filed a Rule 3.850 motion asserting five claims of ineffective assistance of counsel, the first of which included twelve sub-claims. Following an evidentiary hearing the state trial court denied relief. Mr. Hitchcock's counsel appealed and filed his initial brief in the First DCA. *Hitchcock*, 2010 WL 28207, at *1. Mr. Hitchcock filed a *pro se* motion entitled "Request for Stay of Proceedings and Leave to File Supplement[al] Initial Brief" in which he asserted: (1) that counsel did not provide him with a copy of the initial brief before filing it; (2) that counsel's brief failed to raise several of the claims raised in the Rule 3.850 motion; (3) that Mr. Hitchcock had demanded by letter that his counsel file a supplemental brief asserting all claims raised and ruled upon in the Rule 3.850 motion; and (4) that counsel had refused to do so. Mr. Hitchcock requested permission to either file the supplemental brief asserting the omitted claims *pro se*, or for an order directing his counsel to do so. *Hitchcock*, 2010 WL at *1. The First DCA denied the motion without explanation, except to cite to *Dagostino v. State*, 675 So.2d 194 (Fla. 4th DCA 1996) (holding that an appellate court has the discretion in a <u>direct appeal</u> to reject an appellant's *pro se* filing when the appellant is represented by counsel).

Thereafter, Mr. Hitchcock filed a federal habeas petition in which he sought to raise all the claims presented in his Rule 3.850 motion (including those his post-conviction counsel refused to appeal and which the First DCA refused to allow him to appeal *pro se*). The district court dismissed the petition, finding that the claims post-conviction counsel refused to appeal were procedurally defaulted. *Id.* The Eleventh Circuit reversed, concluding that "[t]he refusal of the First DCA to permit

the *pro se* filing of Hitchcock's federal claims omitted by counsel from his appeal of the 3.850 motion satisfies none of the requirements for an 'adequate' or 'independent' state ground of decision." *Id.* at *3. A number of factors led the court to this conclusion. First, the court found that at the time Mr. Hitchcock filed his Supplemental Motion, "there was no Florida Rule of Appellate Procedure, no published internal operating procedure in the First DCA, and no published district court of appeals opinion forbidding a *pro se* brief in Hitchcock's circumstances." *Id.* Second the Eleventh Circuit discussed *Dagostino*, the case relied upon by the First DCA to deny Mr. Hitchcock's Supplemental Motion, concluding that because *Dagostino* "held only that it had discretion to reject a *pro se* pleading filed in a direct appeal where appellant was represented by counsel," the First DCA's citation to that case "did not apply a firmly established rule prohibiting *pro se* briefs by counseled appellants in Florida 3.850 proceedings. Nor, of course, was it even binding on the First DCA, which denied Hitchcock's motion." *Hitchcock*, at *3.

The court went on to identify as binding authority on the federal district court the case of *McBride v. Estelle*, 507 F.2d 903, 904 (5th Cir. 1975). In *McBride*, the Fifth Circuit held that submission of a *pro se* brief by the petitioner in the state court "supplemental to one filed by counsel" was "'presentation' . . . enough to satisfy the jurisdictional requirements of § 2254." *Id.* at 904 (affirming dismissal on other grounds).

The *Hitchcock* court further determined that "even if there were a Florida DCA rule prohibiting *pro se* briefs by counseled petitioners, its application on the facts of this case would be 'exorbitant,' *see Lee*, 534 U.S. at 376, and pointlessly severe. . . . Hitchcock did everything he could to exhaust his federal claims in the state courts. Rejection of them now would work an injustice." *Hitchcock* at *5 (citing *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964)). In summary, the *Hitchcock* court stated:

> No DCA had a rule prohibiting *pro se* briefs by counseled

**appellants at the time Hitchcock filed his motion. The First DCA did not cite binding authority for its rejection of his motion. In light of the failure of the Florida courts of appeals to have a firmly established and regularly applied rule prohibiting such briefs at the time Hitchcock filed his supplemental motion, we hold that the Florida judgment dismissing the 3.850 claims does not rest on an adequate state rule of decision and that, therefore, Hitchcock's federal claims are not barred from our review.**

*Hitchcock* at *5. In a footnote, the Eleventh Circuit noted: "We do not imply that a DCA's firmly established rule that it has the discretion to reject *pro se* pleadings from counseled petitioners would not be an adequate state ground to bar federal review. Here there was no First DCA rule, and the Fourth DCA's rule prohibited such briefs, but was not consistently applied by Florida's intermediate appellate courts, even in the Fourth District." *Id.* at *4 n. 6 (citing *Beard v. Kindler*, --- U.S. ----, ----, 130 S.Ct. 612, 618, --- L.Ed.2d ----, ---- (2009)).

Turning to the instant case, the essence of Mr. Farmer's request to the First DCA was the same as Mr. Hitchcock's. Both defendants, in their Rule 3.850 appeals, asked to represent themselves and simultaneously be represented by counsel by personally submitting briefs raising issues that were omitted from collateral counsel's initial brief. At the time Mr. Farmer's collateral counsel filed her motion to allow Mr. Farmer to file an amended initial brief as co-counsel, and also at the time Mr. Farmer filed his *pro se* motion for discharge and to file a *pro se* motion for rehearing, there was no Florida Rule of Appellate Procedure, no published internal operating procedure in the First DCA, and no published district court of appeals opinion forbidding a co-counseled or *pro se* brief in Mr. Farmer's circumstances. The Florida Supreme Court had not promulgated a Florida Rule of Appellate Procedure prohibiting or otherwise addressing the Florida intermediate appellate courts' consideration of co-counseled or *pro se* briefs filed on direct or collateral appeal by persons represented by counsel. Nor had any of the Florida district courts of appeal included such a rule within their published Internal Operating Procedures.

Nor was there a single published opinion by a Florida district court dating prior to November 2007 (when the instant motion was filed) in which a Florida district court denied a motion (filed *pro se* or by collateral counsel) to permit a counseled appellant in a post-conviction appeal to participate in the briefing process by filing a co-counseled or *pro se* brief. Indeed, there was a published case from the Second District Court of Appeal in which a counseled appellant in a Rule 3.850 appeal <u>was allowed</u> to co-represent himself by filing a *pro se* brief in addition to the brief submitted by his assistant public defender. *See James v. State*, 747 So.2d 461 (Fla. 2d DCA 1999).

The *Logan* case cited by the First DCA is not to the contrary. *Logan* involved criminal defendants filing *pro se* "extraordinary writ petitions" in the Florida Supreme Court when they were represented by counsel in pending criminal proceedings in the trial court. The Florida Supreme Court found that the "extraordinary writ petitions" were "nothing more than attempts . . . to proceed both pro se and represented by counsel in the context of their pending criminal proceedings." Concerned that the interests of justice would not be served by allowing *pro se* pleadings on appeal when a defendant is represented by counsel, the court stated, "we will no longer accept these attempts at 'hybrid' representation." *Logan* at 479. The court explained its policy as one affecting the administration of justice:

> The subject cases are representative of a similar problem this Court is having with regard to defendants in pending noncapital criminal cases. This Court has recently seen an increase in the number of these noncapital criminal defendants filing pro se petitions for extraordinary relief in this Court, asking this Court to grant them relief, either in the form of immediate release pending trial or absolute discharge from prosecution, while their cases are still pending in the trial court. What is clear in both the subject cases and other similar cases that have been filed with increasing regularity in this Court, is that the petitioners are represented by counsel in their pending criminal cases, and nothing in their petitions indicates that they have sought, or will be seeking, to discharge counsel in those proceedings.

*Case No: 5:08cv292/RS/MD*

*Id.* at 474. The court thus announced a rule that absent an unequivocal request to discharge counsel, *pro se* petitions filed in the Florida Supreme Court by petitioners who were represented by counsel in pending criminal proceedings in the trial court would be dismissed. *Id.* at 479. The holding was limited to just that.

Thus, in citing *Logan* the First DCA did not cite binding authority for its rejection of collateral counsel's motion. The First DCA's citation to *Logan* in Mr. Farmer's case did not apply a firmly established rule prohibiting co-counseled or *pro se* briefs by counseled appellants in Florida 3.850 proceedings. In fact, after the First DCA rejected collateral counsel's motion, the Florida Supreme Court issued its decision in *Sheppard v. State*, 17 So.3d 275, 282 (Fla. 2009), in which it recognized that its language in *Logan* and *Johnson v. State*, 974 So.2d 363 (Fla. 2008),[4] had been interpreted as "a blanket rule against ever allowing the trial court to entertain a pro se pleading, unless there was an unequivocal request to discharge counsel." The Florida Supreme Court clarified that to the extent its statements in *Logan* and *Johnson* had been so broadly interpreted, such interpretation was not intended. *Id*.

The respondent fails to cite persuasive authority for its assertion that Florida has a "proscription [against] hybrid representation" in circumstances such as Mr. Farmer's. (Doc. 28, p. 7). The only Florida cases respondent cites are *Logan, supra*, and *State v. Tait*, 387 So.2d 338, 340 (Fla. 1980). (Doc. 28, p. 7). But as just discussed, *Logan* did not establish such a rule. Nor did *Tait*. In *Tait*, the Florida Supreme Court held that the Sixth Amendment to the United States Constitution does not "guarantee that the accused can make his own defense personally and

---

[4]In *Johnson*, a criminal defendant filed a *pro se* petition in the Florida Supreme Court seeking relief from an allegedly illegal sentence while he was represented by court-appointed counsel in a pending appeal involving the same conviction and sentence. *Johnson*, 974 So.2d at 363. The state supreme court clarified that the rule in *Logan* was not limited to cases where the defendant was represented by trial counsel but applied to "any pro se filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings." *Johnson*, 974 So.2d at 364-65.

have the assistance of counsel."   *Id.* at 340.   It further held that the Florida Constitution "does not embody a right of one accused of crime to representation both by counsel and by himself."  *Id*.  Nevertheless, the state supreme court also held that there is a qualified right derived from article I, section 16 of the Florida Constitution, for a defendant who is represented by counsel at trial, to "address[ ] the court or the jury in person" but that limited participation "is a matter for the sound discretion of the court."  *Id*.  *Tait* does not establish a rule prohibiting hybrid representation in Rule 3.850 appeals.[5]  In sum, as in *Hitchcock,* the First DCA's refusal to permit the *pro se* or co-counseled filing of Mr. Farmer's federal claims omitted by counsel from his Rule 3.850 appeal fails to satisfy the requirements for an "adequate" state ground of decision.  Thus this court should find that the Florida judgment dismissing the 3.850 claims does not rest on an adequate state rule of decision and that, therefore, Mr. Farmer's federal claims are not barred from this court's review.

In response to this court's order requiring supplemental briefing in light of *Hitchcock*, respondent argues several reasons why the reasoning of *Hitchcock* should not apply.  These reasons will be addressed in turn.

First, respondent says the Eleventh Circuit was incorrect when it concluded in *Hitchcock* that Florida courts of appeals do not have a firmly established and regularly applied rule prohibiting the submission of *pro se* briefs by counseled appellants.  (Doc. 28, p. 1).  But the Eleventh Circuit held to the contrary in *Hitchcock*, and has denied the State's motion for rehearing.  Additionally, a judge of this court recently rejected respondent's argument that *Hitchcock* misconstrued Florida law.  *See Rasley v. McNeil*, No.  5:08cv368/RH/EMT, 2010 WL 503080, at *1-*3 (N.D. Fla. Feb. 8, 2010).

---

[5]Nor does *Tait* establish a rule that a DCA has the discretion to reject *pro se* or co-counseled pleadings from counseled appellants in Rule 3.850 proceedings.  Even if it did, that was not the rule the First DCA applied in this case – it applied *Logan*.

Second, respondent argues that, as recognized by the Eleventh Circuit in *Atwater v. Crosby*, 451 F.3d 799, 809-10 (11th Cir. 2006), it is an established and regularly enforced Florida procedural rule that when some or all claims in a Rule 3.850 post-conviction motion are denied after evidentiary hearing, briefing in the appellate court is required and failure to include and sufficiently argue any and all claims on which appellate review is sought operates as an abandonment of that claim. But while that is true, there is nothing in the *Atwater* decision to suggest that Mr. Atwater attempted in state court to participate in his counseled collateral appeal so that he could raise additional issues, but was barred from doing so.

Third, respondent argues that "opposite *Hitchcock*, Petitioner did not file any *pro se* motion or other *pro se* pleading in the Florida First DCA seeking leave to file a supplemental initial brief to raise issues not included in the initial brief filed by counsel." (Doc. 28, p. 5). But Mr. Farmer's counsel did. She filed a motion asking that Mr. Farmer, personally, be allowed to file an amended initial brief to include issues not raised in counsel's initial brief. It matters not that the motion was filed by Mr. Farmer's counsel as opposed to Mr. Farmer *pro se*. Nor does it matter that counsel termed the proposed amended initial brief a "co-counseled" filing as opposed to a *pro se* filing. The essence of the request was the same as that in *Hitchcock*.[6]

Respondent further argues that the state procedural rule involved in this case is Florida's proscription against hybrid representation, not a proscription against *pro se* filings by counseled appellants; therefore, the reasoning of *Hitchcock* does not apply. (Doc. 28, p. 7). But the very definition of "hybrid representation" is to represent oneself and simultaneously be represented by counsel. *Johnson v. State*, 974 So.2d 363, 364 (Fla. 2008) (finding that to engage in hybrid representation is to represent oneself and simultaneously be represented by counsel); *see also Logan,*

---

[6]Nor does it matter that counsel did not identify the issue Mr. Farmer desired to include. That was not a dispositive consideration in *Hitchcock*.

846 So.2d at 479 (finding that an attempt to proceed *pro se* and represented by counsel is an attempt at hybrid representation.).  Further, the essence of Mr. Farmer's request was the same as Mr. Hitchcock's – they both sought to participate personally in the briefing process in their counseled collateral appeals for the purpose of raising additional federal claims.  The First DCA denied their requests on essentially the same basis.  But even if the distinction made a difference, this court's independent analysis has revealed that at the time Mr. Farmer's collateral counsel filed her motion, the Florida courts of appeals did not have a firmly established and regularly applied rule prohibiting hybrid representation in collateral appeals.

Finally, respondent argues that *Hitchcock* is contrary to *Beard v. Kindler*, --- U.S. ---, 130 S.Ct. 612, 618 (2009) (holding "that a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review" and explaining that such "a discretionary rule can be 'firmly established' and 'regularly followed' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others.").  But the *Hitchcock* court addressed this argument when it noted:  "We do not imply that a DCA's firmly established rule that it has the discretion to reject *pro se* pleadings from counseled petitioners would not be an adequate state ground to bar federal review.  *See Beard v. Kindler*, --- U.S. ----, ----, 130 S.Ct. 612, 618, --- L.Ed.2d ----, ---- (2009).  Here there was no First DCA rule, and the Fourth DCA's rule prohibited such briefs, but was not consistently applied by Florida's intermediate appellate courts, even in the Fourth District."  *Hitchcock*, at *4 n. 6.

Thus, the respondent has not persuaded the undersigned that the reasoning of *Hitchcock* should not apply here.


## CONCLUSION

Respondent concedes that Ground 1(B)B, Ground 2 and Ground 3 were properly exhausted.  His assertion of a procedural default defense as to the

remaining grounds should be rejected. Because respondent has not addressed the merits of those claims to which the procedural default defense was asserted, the undersigned will await a response on the merits of those claims before addressing any claims on the merits.

Accordingly, it is respectfully RECOMMENDED:

That respondent's procedural default defense be REJECTED, and that respondent be directed to file an answer addressing the merits of petitioner's claims within twenty-eight (28) days of the district court's order adopting this Report and Recommendation.

At Pensacola, Florida, this 6th day of April, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).